ON APPLICATION FOR SUPERVISORY WRITS
SCHOTT, Judge.
This is before us on an application by the state for supervisory writs with respect to a ruling by the trial judge granting defendant’s motion to suppress evidence discovered by New Orleans police officers in a search of defendant’s automobile. Having reviewed the transcript of the hearing on *10 the motion and briefs by both sides we have concluded that the ruling of the trial court was erroneous and have resolved to reverse it.
Defendant was charged by bill of information with possession, with intent to distribute, of marijuana, hashhish and opium in violation of LSA-R.S. 40:966 and 967 on May 10, 1982. On this date two New Orleans police detectives were contacted by a third officer who informed them that he was watching an address at 2027 Lowerline in connection with an investigation pursuant to information he received from a confidential informant. He stated that there was in front of the address a tangerine Mercury Capri with license number 152B389; that one Frank, the vehicle’s occupant who was inside the address was dropping a “wholesale” amount of marijuana; and that he wanted to obtain a warrant to search the address. He asked the other two officers to watch and follow Frank if he left the address and to arrest him if circumstances warranted it.
The two officers testified that they proceeded to the address and took up a position three quarters of a block from the address whence they could view the area in front of the address as well as the rear of the tangerine vehicle parked there.
At about 5:25 p.m. the defendant came from the area of the address carrying on his shoulder a cardboard box. He walked to the car and placed the box on the roof. He walked to the rear of the car, opened the trunk, placed the box in the trunk, removed from the trunk a clear plastic bag containing what appeared to be green vegetable matter and placed this in a brown paper bag. He closed the trunk, entered the automobile and drove off. The officers followed him and stopped him a few blocks away. They ascertained that his name was Francis and placed him under arrest for possession of marijuana. One of the officers entered the vehicle and removed from the interior the brown bag containing the plastic bag of green vegetable matter. They entered the trunk and opened the box defendant had taken from 2027 Lowerline Street. This contained marijuana and hashhish. As they were about to take the defendant to jail they asked him if he wanted to remove anything from the vehicle and he replied that he wished to remove from the interior a bag containing seven hundred dollars. When the officer checked the contents of this bag they found a small amount of what they believed to be opium. Questioned about the size of the bag they had seen the defendant take out of the trunk during their surveillance of 2027 Lowerline Street the officers were uncertain as to its exact dimensions but positive that it was big enough to contain one pound of marijuana.
Defendant first complains that the search of his automobile was in violation of the principles discussed in Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) because there was no showing that the informant who tipped off the first officer was reliable. This argument is without merit. In Aguilar the information supplied by the informant was the sole basis for the issuance by a justice of the peace of a warrant to search the defendant’s home. In this case the information from the informant did nothing more than trigger a surveillance of an address where defendant’s automobile was parked. The reliability of the information was established when the officer saw the defendant come out of the address carrying a plastic bag of green vegetable matter. Of course it could have been St. Augustine grass clippings or ferns but the officer had a solid basis to suspect it was marijuana from its appearance as well as the tip which had accurately provided the address, the car’s description and its license number, and the first name of the defendant (Frank for Francis). This information coupled with the exigent circumstance that the defendant was now driving away with what surely seemed and subsequently turned out to be marijuana provided a sufficient basis to stop the defendant and search his car. The evidence obtained in the search is admissible under United States v. Ross, - U.S. -, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).
*11 Next, defendant argues that the trial court disbelieved the officers’ testimony that they observed defendant carrying a bag of green vegetable matter. Defendant states that the trial judge stated that he doubted that the officers could determine if the “baggie” contained marijuana and said he believed that they would have conducted their search even if the bag contained “Rice Krispies.” Thus, says defendant, we are confronted with a simple credibility call which should not be disturbed on review. However, when we analyze the remarks attributed to the trial judge by the defendant we are persuaded that this is not a mere question of assessing the credibility of the police officers. First, this is not a case of resolving a conflict of testimony between opposing witnesses but the refusal to accept the uncontradicted testimony of two witnesses. Second, the refusal to believe that the officers could see green vegetable matter in a clear plastic bag from their vantage point is not supported by any factual or scientific evidence in the record. It is a subjective conclusion of the trial judge with which we disagree. It is in the nature of improperly taken judicial notice which is not binding on a reviewing court. Finally, the belief that these officers were determined to make their search regardless of what they thought the bag contained and that they concocted the notion that they could see green vegetable matter in order to enable their search to withstand the test of reasonableness is speculation based on the subjective beliefs of the trial judge. If the uncontradicted testimony of police officers or any witnesses can be summarily disregarded because the judge thinks without any support in the record that they must be lying the entire system of reaching conclusions based on sworn testimony will collapse. We have concluded that the trial judge committed manifest error in rejecting the testimony of the officers.
Accordingly, we exercise our supervisory jurisdiction. The judgment of the trial court is reversed and set aside and the motion of the defendant to suppress the evidence in this case is denied.
WRITS GRANTED.
REVERSED AND RENDERED.
WARD, J., dissents.